# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **DONNA GILLULY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Docket No.** |
| | ) | |
| **TARGET CORPORTATION,** | ) | **JURY DEMANDED** |
| **d/b/a MEMPHIS CENTRAL TARGET** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Donna Gilluly, and for her causes of action against the Defendant, Target Corporation d/b/a Memphis NE Target, would show to the court:

## I.
## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff, Donna Gilluly, is a citizen and resident of Shelby County, Tennessee.

2.      The Defendant, Target Corporation, d/b/a Memphis Central Target, is a foreign corporation doing business in the State of Tennessee, with its principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403-2542. Its registered agent for service of process is CT Corporation System, located at 300 Montvue Rd, Knoxville, Tennessee 37919-5546.

3.      Plaintiff's causes of action arise from an incident that occurred on or about December 16, 2019 when Plaintiff suffered personal injuries and damages as a result of the Defendants' negligent design, maintenance, operation, placement, display, and supervision of the store premises and business activities at its facility located at 601 Colonial Rd, Memphis, TN 38117

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) as the amount in controversy

exceeds $75,000.00 and there is diversity of citizenship.

5.      This Court is the proper venue pursuant to 28 U.S.C. § 1391, 28 U.S.C. § 123 and Local

Rule 3.3 as the event complained of occurred in Shelby County.

## II.
## FACTUAL ALLEGATIONS

6.      On or about December 16, 2019, the Plaintiff was a Target customer and business invitee

shopping in the Defendant's store located at 7989 US Highway 64, Memphis, Tennessee 38133.

7.      At all times pertinent herein, the Defendant had a duty to maintain, inspect, keep clear, and

make sure that the aisles, walkways, and foot-traffic, travel areas of its store, including the clothing

department areas, were free and clear of all obstructions on the floor and likely to be unseen and

unrecognized by shoppers, which obstructions/protrusions could and/or would cause injury to the

public. Defendant owed a duty to act with reasonable care to make certain that the location of items

for sale and racks and/or shelves the items were displayed on, were not displayed, arranged and/or

maintained in a such a manner to become hidden dangers and/traps and /or to create unsafe and

unreasonably dangerous conditions for the unsuspecting public, including your Plaintiff.

8.      Plaintiff was walking normally through the store's women's clothing department, using the

aisle designated by Defendant for customer use, when she tripped over a clothing display rack

which had been placed so that it protruded into the walkway, causing her to fall with great force

and violence. The clothing display rack was placed in such a manner that Plaintiff was unable to

clearly see the danger presented by the rack due to the clothing placed on the display rack and its

proximity to other clothing display racks.

9.      Plaintiff was unable to abate her fall, which was with such great force and violence that it

resulted in serious and permanent injuries, permanent impairment, medical expenses, and great

pain and suffering, along with other damages.

10.    Plaintiff, as a customer in the Defendant's Target store, had the reasonable expectation that she would be able to shop in the store and women's clothing department and could walk down the aisles without being injured by hidden obstructions created by Defendant's negligent operations, displays, supervision and maintenance of the store walkways. It was reasonably foreseeable that, in the event the Defendant did not take/make reasonable precautions to avoid protrusion into or obstruction in the Defendant store' s walkways, the public, including customers such as Plaintiff, would be injured.

### III.
### NEGLIGENCE

11.    The allegations contained hereinabove are reiterated and incorporated herein as if fully set forth.

12.    At all times pertinent herein, the Defendant, Target Corporation d/b/a Memphis Central Target and its employees, agents and representatives, in the exercise of exclusive control over Defendant's premises, either knew or should have known that customers would be walking in the passageways and in the women's clothing department and that customers, including Donna Gilluly, would need to be protected from dangerous situations created and/or permitted  to exist   by the Defendant  and its employees, agents  and/or  representatives.

13.    Defendant owed the duties to its customers, and to all those lawfully on its premises, including the Plaintiff, Donna Gilluly, to exercise reasonable care and diligence in the design, maintenance, operation, placement, and display of its equipment, fixtures, and items, so that these were placed in a safe area and would not create a dangerous condition which could and did injure the Plaintiff, Donna Gilluly. The unsafe condition created by and maintained by the Defendant was the sole proximate cause of the Plaintiff's fall and the resulting injuries to the Plaintiff.

14.    The Defendant, Target Corporation d/b/a Memphis NE Target, through its employees,

agents, or representatives breached the above duties owed to the Plaintiff to operate, inspect, maintain, equip, and/or ensure that its premises and walkways were safe at all times for use by the public and/or to warn the public of any hidden or latent hazards and/or dangerous, or unsafe conditions which foreseeably could cause injury to the public. The Defendant negligently placed and/or allowed the clothing display rack to extend into the pathway designated by the Defendant as a walkway/passageway in the women's clothing department, creating an unreasonably dangerous hazard for its customers, including Donna Gilluly.

15.     Since the injury sustained by the Plaintiff, Donna Gilluly, would not have occurred in the ordinary course of events but for the negligence of the Defendant, which had exclusive control over the placement in the operation of its store premises, the doctrine of *res ipsa loquitur* applies.

16.     As the direct and proximate result of the aforementioned acts of common-law negligence on the part of the Defendant, Target Corporation d/b/a Memphis NE Target, its employees, agents, and/or representatives, the Plaintiff, Donna Gilluly, suffered severe injuries and damages for which she is entitled to recover judgment against the Defendant in an amount to be determined by the jury not to exceed $250,000.00.

**IV.**
**DAMAGES**

17.     The allegations contained hereinabove are reiterated and incorporated herein as if fully set forth.

18.     As the direct and proximate result of the aforementioned acts and omissions on the part of the Defendant and its employees, agents, and representatives, Plaintiff, Donna Gilluly, was caused to suffer the following injuries and damages, to wit:

a.      Injuries to her shoulders, hips, legs, back, and other areas of her body.

b.      Great physical pain and mental suffering;

c.       Exacerbation of pre-existing conditions;

d.       Fright and serious shock;

e.       Expenses for medical, hospital, physicians, physical therapy and other services

and other costs both incurred and to be incurred in the future for an indefinite period of time;

f.       Permanent impairment;

g.       Loss of the ability to enjoy the normal pleasures of life; and,

h.       Other special damages to be proved, more specifically, at the trial of this

cause.

## V.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Donna Gilluly, sues the Defendant for personal injuries and damages

sues the Defendant in such amount as deemed reasonable by the Court and jury not to exceed

$250,000.00.

Plaintiffs respectfully demand a jury to try this action and reserve the right to amend their *ad*

*damnum* and complaint as discovery and investigation continue.

A TRIAL BY JURY IS RESPECTFULLY DEMANDED.

RESPECTFULLY SUBMITTED December 15, 2020

WELLS & ASSOCIATES, PLLC

BY:/s/ Murray B. Wells
MURRAY B. WELLS (# 21749)
CAROLINE R. GORDON (#35155)
81 Monroe Ave, Suite 200
Memphis, Tennessee 38103
Ph: (901) 507-2521
Fx: (901) 507-1791
wells@thewellsfirm.com
gordon@thewellsfirm.com