IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DONNA GILLULY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:20-cv-02901-JPM-atc |
| v. ) | |
| ) | |
| TARGET CORPORATION d/b/a ) | |
| MEMPHIS CENTRAL TARGET, ) | |
| ) | |
| Defendant. | |

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant Target Corporation's ("Target") Motion for Summary Judgment, filed on January 19, 2022. (ECF No. 26.) Target also filed a Memorandum in Support. (ECF No. 27.) After the Court denied Plaintiff Donna Gilluly's ("Ms. Gilluly") Second Motion for an Extension of Time to File a Response (ECF No. 34), Plaintiff filed a Response on March 7, 2022.[1] (ECF No. 38.) On March 8, 2022, Defendant filed a Motion to Strike Plaintiff's Response for being untimely. (ECF No. 39.) For the reasons set forth below, Defendant's Motion for Summary Judgment and Defendant's Motion to Strike are **DENIED**.

**I. BACKGROUND**

On December 16, 2019, Ms. Gilluly suffered a fall on the premises of Target's Memphis Central store ("the Store"). (ECF No. 29 at PageID 186; ECF No. 38-1 at PageID 208.) Ms. Gilluly alleges that she tripped over the foot of a display rack when walking toward a sweater she wished to purchase. (ECF No. 29 at PageID 186; ECF No. 38-1 at PageID 208.)

---

[1] Plaintiff's Response was due on March 2, 2022, after the Court granted the first Motion for Extension of Time. (ECF No. 32.)

Ms. Gilluly filed a Complaint on December 15, 2020, asserting that Defendant breached its duty of reasonable care to keep the premises in a reasonably safe condition by allowing a clothing rack to extend into the walkway in the women's clothing department. (ECF No. 1 ¶ 14.) As previously noted, Defendant filed a Motion for Summary Judgment on January 19, 2022. (ECF No. 26.) Plaintiff filed a Response on March 7, 2022. (ECF No. 39.)

## II.    LEGAL STANDARD

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." Bruederle v. Louisville Metro Gov't, 687 F.3d 771, 776 (6th Cir. 2012).

"In considering a motion for summary judgment, [the] court construes all reasonable inferences in favor of the non-moving party." Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." Mosholder v. Barnhardt, 679 F.3d 443, 448 (6th Cir. 2012) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." Mosholder, 679 F.3d at 448–49; see also Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587. "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." Martinez v. Cracker Barrel Old

2

Country Store, Inc., 703 F.3d 911, 914 (6th Cir. 2013) (quoting Chapman v. UAW Local 1005, 670 F.3d 677, 680 (6th Cir. 2012) (en banc)) (internal quotation marks omitted).

In order to "show that a fact is, or is not, genuinely disputed," a party must do so by "citing to particular parts of materials in the record," "showing that the materials cited do not establish the absence or presence of a genuine dispute," or showing "that an adverse party cannot produce admissible evidence to support the fact." L.R. 56.1(b)(3); Bruederle, 687 F.3d at 776 (quoting Fed. R. Civ. P. 56(c)(1)); see also Mosholder, 679 F.3d at 448 (quoting Celotex, 477 U.S. at 325) ("To support its motion, the moving party may show 'that there is an absence of evidence to support the nonmoving party's case.'"). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]" Martinez, 703 F.3d at 914 (alteration in original) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). "[T]he district court has no 'duty to search the entire record to establish that it is bereft of a genuine issue of material fact.'" Pharos Capital Partners, L.P. v. Deloitte & Touche, 535 F. App'x 522, 523 (6th Cir. 2013) (per curiam) (quoting Tucker v. Tennessee, 539 F.3d 526, 531 (6th Cir. 2008), abrogation recognized by Anderson v. City of Blue Ash, 798 F.3d 338 (6th Cir. 2015)).

The decisive "question is whether 'the evidence presents a sufficient disagreement to require submission to a [fact finder] or whether it is so one-sided that one party must prevail as a matter of law.'" Johnson v. Memphis Light Gas & Water Div., 777 F.3d 838, 843 (6th Cir. 2015) (quoting Liberty Lobby, 477 U.S. at 251–52). Summary judgment "'shall be entered' against the non-moving party unless affidavits or other evidence 'set forth specific facts

3

showing that there is a genuine issue for trial.'" Rachells v. Cingular Wireless Employee Servs., LLC, No. 1:08CV02815, 2012 WL 3648835, at *2 (N.D. Ohio Aug. 23, 2012) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 884 (1990)). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient to defeat summary judgment; rather, the non-moving party must present evidence upon which a reasonable jury could find in her favor." Tingle v. Arbors at Hilliard, 692 F.3d 523, 529 (6th Cir. 2012) (quoting Liberty Lobby, 477 U.S. at 251). "[I]n order to withstand a motion for summary judgment, the party opposing the motion must present 'affirmative evidence' to support his/her position." Mitchell v. Toledo Hosp., 964 F.2d 577, 584 (6th Cir. 1992) (citing Liberty Lobby, 477 U.S. at 247–254; Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989)). "[C]onclusory assertions, unsupported by specific facts made in affidavits opposing a motion for summary judgment, are not sufficient to defeat a motion for summary judgment." Rachells, 2012 WL 3648835, at *2 (quoting Thomas v. Christ Hosp. and Med. Ctr., 328 F.3d 890, 894 (7th Cir. 2003)). Statements contained in an affidavit that are "nothing more than rumors, conclusory allegations and subjective beliefs" are insufficient. See Mitchell, 964 F.2d at 584–85.

### III. ANALYSIS

"[A] negligence claim requires a plaintiff to prove the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of the duty; (3) an injury or loss; (4) causation in fact; and (5) proximate causation." Rice v. Sabir, 979 S.W.2d 305, 308 (Tenn. 1998). "The first element of a negligence claim—the duty owed plaintiff—'is a question of law to be determined by the court.'" Wood v. Wal-Mart Stores East, LP, No. 3:11-1081, 2013 WL 3010698, at *1 (M.D. Tenn. June 18, 2013) (quoting McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn. 1995)).

The "issue of foreseeability, recognized initially . . . as the key to the duty issue, is generally a question of fact for the jury, unless no reasonable person could dispute the only reasonable outcome."  McCall, 913 S.W.2d at 157.  The other elements of negligence are generally questions of fact.  Kilpatrick v. Bryant, 868 S.W.2d 594, 598–99 (Tenn. 1993).  Target asserts that Plaintiff has not met her burden of establishing that "Target was negligent in the maintenance of its premises and that such negligence caused her injury." (ECF No. 27 at PageID 83.)  Further, Target asserts that even if Target had breached its duty, Ms. Gilluly "is barred from recovery due to her comparative negligence."[2]  (Id. at PageID 88.)

A. Duty and Breach

"[A] business owner breaches the duty of care owed to its customers when it allows a dangerous condition or defect to exist on the premises if that condition or defect was created by the owner, operator or his agent; or, if the condition is created by someone else, when the business owner had actual or constructive notice that the dangerous condition or defect existed prior to the injury."  Morris v. Wal-Mart Stores, Inc., 330 F.3d 854, 858 (6th Cir. 2003).  "A duty may even be owed where the condition causing the injury is 'open and obvious,' but '[t]he duty imposed on the premises owner… does not include the responsibility to remove or warn against conditions from which no unreasonable risk was to be anticipated, or from those which the occupier neither knew about nor could have discovered with reasonable care."  Shaw v. Metro. Gov't of Nashville & Davidson Cty., 596 S.W.3d 726, 736 (Tenn. Ct. App. 2019) (quoting Rice, 979 S.W.2d at 308–09) (internal quotations omitted).  "'[A]nything that in fact

---

[2] Defendant additionally asserts that Plaintiff's Response should be stricken because it was untimely.  (ECF No. 39.)  Because Plaintiff filed her Response within one business day of the Court denying her second Motion for Extension of Time (ECF No. 34), Plaintiff's Response was filed within a reasonable amount of time to allow the Court to consider it for purposes of this Motion.  As a result, Defendant's Motion to Strike (ECF No. 39) is **DENIED**.

5

causes harm is to some degree dangerous; but to impose liability, the thing must be dangerous according to common experience.'" Id. (quoting Henry v. City of Nashville, 318 S.W.2d 567, 568 (1958)).

Target contends that "it is well-settled in Tennessee that plaintiffs have a duty to see what is in plain sight." (ECF No. 27 at PageID 87.) (citing Friedenstab v. Short, 174 S.W.3d 217 (Tenn. Ct. App. 2004); Green v. Roberts, 398 S.W.3d 172 (Tenn. Ct. App. 2012).) Target contends that Ms. Gilluly's interaction with the premises in Target is similar to Target's two cited cases, where the Tennessee Court of Appeals found no evidence of negligence. (See id.) Target contends that "[r]etail display racks are not inherently dangerous, and there is no evidence that the Store's display rack or its feet were in any way dangerous or defective." (Id. at PageID 89.) Target contends that "[a]s seen in the photographs identified by Ms. Gilluly depicting the rack, the rack's feet extend very little from the floor, are a lighter color than the carpet on which they rest, and are plainly visible." (Id.) As a result, Target contends that an injury from such racks was not foreseeable and thus it did not owe a duty to Plaintiff. (Id. at PageID 90.)

Ms. Gilluly, in response, contends that Friedenstab is distinguishable because in that case there was a question as to "whether the landlord had superior knowledge of the existence of the condition which cause[d] the [p]laintiff to fall." (ECF No. 38 at PageID 205.) Instead, Ms. Gilluly contends that this case is more analogous to Coln v. City of Savannah, 966 S.W.2d 34 (Tenn. 1998), in which the Court found that the city had breached a duty to the plaintiff. (Id.) Plaintiff contends that "[t]here is no testimony that the display rack's feet were open and obvious beyond a statement by Ms. Gilluly that she 'probably' would have seen them if she had been 'looking down' rather than looking ahead at where she was going." (Id.) Plaintiff

6

contends that in order "to shop at the Store, particularly for the pink sweater, it was necessary that the Plaintiff walk in the area with the display rack," and thus, that it is a question for the jury as to whether "Defendant had reason to expect the harm to Plaintiff despite any obviousness of the danger." (Id. at PageID 206.)

In Friedenstab, the Tennessee Court of Appeals upheld the trial court's granting of summary judgment for the defendant, because, due to the plaintiff's inconsistent testimony, it had to be "accept[ed] as fact that nothing obstructed the view of Plaintiff of what [wa]s immediately in front of and below her and nothing distracted her attention." 174 S.W.3d at 223. The court reasoned that "if the presence of the newspaper on the floor before the first step can be referred to as a 'danger' there is no proof in the record that Defendant landlord ever knew the condition existed. The condition, however—whether it be a danger or not—was open and obvious to Plaintiff." Id. at 226–27. As a result, the court held that no duty existed because the defendant had no awareness of the presence of the newspapers. Id. at 228.

In Green, the Tennessee Court of Appeals held that the plaintiff had failed to show, as a matter of law, that the defendant owed a duty and breached it:

> Ms. Green attempts to rehabilitate her deposition testimony, *supra*, that she failed to see the disputed area from a distance by arguing that, although she could have seen the 'area' from a distance, she could not see the protruding metal within the area, which was the cause in fact of her injury. Although cogent, Ms. Green's argument is ultimately negated by the undisputed facts. The photographs show that what could be seen from a distance was the actual raised areas created by the posts; one can see that these two areas are lighter in color and that they are, in fact, raised above the surface of the parking lot. Regardless, Ms. Green's testimony is that she failed to see any of the area, even as she walked directly past, or over it, and even though she stood near it for approximately ten minutes prior to the accident. In short, Ms. Green had no recollection of seeing any defect in the parking lot though the difference was distinguishable from up to eighty feet away. At any time during her visit with Ms. Gray, Ms. Green could have noticed what was near her feet, or she could have refrained from stepping backwards without looking where her foot

would land. Moreover, because the defects complained of were small aberrations, the foreseeability and gravity of harm considerations do not support a finding of liability on the part of Mr. Roberts. Under the facts presented in this case, Ms. Green failed to show that she was owed a duty by Mr. Roberts.

398 S.W.3d at 181–82.

In Coln, the Tennessee Supreme Court upheld the trial court's determination that the deviation between brick pavers and the sidewalk in front of the City Hall building "created a foreseeable probability of harm." 966 S.W.2d at 44. The Court found that it was "significant that the deviation was in an area that had to be navigated in order to gain access to the City Hall building" and "that the City had actual knowledge of the deviation when the pavers were installed and was aware of the availability of corrective action." Id.

The undisputed facts in this case are more similar to those of Coln than those of Friedenstab or Green. Ms. Gilluly tripped over the foot of a display rack because, she contends, it was within the walkway she had to use to try to get to a sweater in the clothing department, much like the sidewalk that was used to access City Hall in Coln. (See ECF No. 29 at PageID 186.) See also Coln, 966 S.W.2d at 44. Further, unlike with the newspaper in Friedenstab, there is some indication that Target knew of the existence of its clothing rack's feet and where they were located. (See ECF No. 29 at PageID 187.) See also Friedenstab, 174 S.W.3d at 226–27. It is also disputed as to whether the clothing rack feet were as clearly visible as the protruding metal from Green. See 398 S.W.3d at 181 (stating that the "difference was distinguishable from up to eighty feet away" and that Ms. Green should have seen it because "she stood near it for approximately ten minutes prior to the accident"). It remains a question of fact whether Defendant breached its duty to Plaintiff; therefore, Defendant's Motion is **DENIED** as to Plaintiff's negligence claim.

### B. Comparative Negligence

Target further contends that "[e]ven if Target did owe a duty of care to Ms. Gilluly, her own negligence prevents recovery, as she was at least 50% at fault for her fall." (ECF No. 27 at PageID 90.) (citing Friedenstab, 174 S.W.3d at 224.) Defendant contends that "[s]imilar to the plaintiffs in Friedenstab and Green, Ms. Gilluly simply failed to see what was in plain view," and that "there is no evidence that Ms. Gilluly's path was obstructed or that the display rack's feet were concealed from her view." (Id.)

In Response, Plaintiff contends that "it is for a jury to determine if the Plaintiff failed to meet her duty to exercise reasonable care." (ECF No. 38 at PageID 206.) Plaintiff contends that summary judgment on this issue is inappropriate because there is a question of fact as to whether Plaintiff exercised reasonable care because "it was necessary that the Plaintiff walk in the area with the display rack." (Id.)

As discussed above, there are some facts that could support a jury finding that Plaintiff's failure to see the display rack feet was the result of her own negligence, but there are also facts that indicate that Ms. Gilluly's behavior was reasonable. Thus, the Court will not find as a matter of law that Plaintiff was at least 50 percent negligent during the incident. Defendant's Motion is **DENIED** as to Plaintiff's comparative negligence precluding recovery.

### IV. CONCLUSION

For each of the reasons set forth above, Target's Motion for Summary Judgment is **DENIED**. Defendant's Motion to Strike is also **DENIED**.

**SO ORDERED**, this 15th day of April, 2022.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE